IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY LEE THOMAS, Administratrix of
The Estate of Shenika Shunta Thomas,
Deceased                                                                                          PLAINTIFF

V.                                                                           CAUSE NO.: 4:10CV123-SA-JMV

DR. ASHRAF M. NOFAL; DR. MARILYN McLEOD;
DR. HILTON ONEAL; NEADREE EDWARDS, CFNP;
and DELTA REGIONAL MEDICAL CENTER                                              DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed this action pursuant to Section 1983 alleging that Defendants violated her constitutional rights arising out of the medical care and treatment provided to Shenika Thomas in August of 2007. Defendants have filed a variety of motions, and the Court has reviewed the cases cited, rules, responses, and authorities. Because Plaintiff has a pending state court claim for wrongful death, her claims in this Court are dismissed.

*Factual and Procedural Background*

On August 18, 2007, Mary Lee Thomas presented her daughter, Shenika Thomas, to the Delta Regional Medical Center (DRMC) Emergency Room for nose bleeds and bruises on her left arm. She was seen by the emergency physician, given Tylenol and told to put ice on the area three times daily. She was discharged the same day and told to follow up with her primary care physician for re-evaluation in two to three days. On August 23, 2007, Shenika Thomas was seen and examined at a Delta Regional Medical Center clinic by Dr. Ashraf Nofal. At that time, she complained of bruising on the left arm and leg, headaches and nose bleeds. She was examined and released and told to return in one week if needed. Dr. Nofal's treatment plan, according to the Plaintiff's complaint, was to get a CBC, PT and PTT at DRMC. Shenika Thomas' chart also

noted that Dr. Nofal needed the emergency room notes from her August 18 visit, but is not indicative of whether those records were requested or received.

Shenika Thomas was again seen at DRMC on August 25, 2007, complaining of nausea, vomiting, headaches and abdominal pain. She was seen by Dr. Mary McLeod, given Tylenol for fever and was discharged to her mother's care. The next day, she was taken to DRMC by her mother and treated by Dr. McLeod and Dr. Hinton Oneal. Her chart, as noted in Plaintiff's complaint, reflects that several large hematomas were evident on Shenika, she was airlifted to University of Mississippi Medical Center, where she was admitted for evaluation of leukemia. Shenika Thomas passed away on at UMMC on August 28, 2007.

Plaintiff brought a claim in Washington County Circuit Court in October of 2009 for the wrongful death of Shenika Thomas. Plaintiff then brought this cause of action against the named defendants under Section 1983 for an alleged denial of her constitutional rights. In particular, Plaintiff claims that Defendants provided inadequate medical care and treatment, acted with deliberate indifference by failing to run a CBC which would have shown Shenika Thomas to have a disease of the blood, and denied prompt emergency care and treatment. Defendants have filed individually motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motions for qualified immunity.

*Motion to Dismiss Standard*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

*Discussion and Analysis*

Because Plaintiff has a pending wrongful death suit in state court, Defendants seek dismissal of the federal action pursuant to Mississippi law. Mississippi Code Section 11-7-13 states that "[t]here shall be but one suit for the same death which shall ensue for the benefit of all parties concerned." Indeed, the Mississippi Supreme Court has held that the first court to properly take jurisdiction of a wrongful death action shall, so long as that action is pending, have exclusive jurisdiction, and any other subsequent filed action for the same death shall be of no effect. Long v. McKinney, 897 So. 2d 160 (Miss. 2004).

Plaintiff admits that she filed suit in Washington County Circuit Court on October 21, 2009, for the wrongful death allegedly caused by Dr. Nofal's medical negligence under Mississippi Code Section 15-1-36(2). Plaintiff acknowledges that this action remains pending without entry of final judgment.

Because the relief sought in this Court is the same for which Plaintiff has already filed a state court suit, this case is DISMISSED. See Sauvage v. Meadowcrest Living Ctr., LLC, 28 So. 3d 589, 593 (Miss. 2010); Briere v. South Cent. Reg'l Med. Ctr., 3 So. 3d 126, 129 (Miss. 2009); Long, 897 So. 2d at 172 (as competing wrongful death suits usually involve the same parties and subject matter, a "logical extension of the principle of priority jurisdiction requires that all claims for the wrongful death of a person be litigated in the same suit and in the same court"); Smith v. Holmes, 921 So. 2d 283, 286 (Miss. 2005) ("a second action based on the same cause will

generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged"); Abiaca Drainage District of Leflore, Holmes & Carroll Counties v. Albert Theis & Sons, Inc., 187 So. 200, 201 (Miss. 1939) ("[t]he pendency of a prior suit between the same litigants and involving the same subject matter constitutes a bar unless adequate relief is not attainable in the prior suit").

*Conclusion*

Because Plaintiff has a prior filed state court action pending regarding the alleged wrongful death of Shenika Thomas, this action is DISMISSED with prejudice.

SO ORDERED, this the 7th day of March, 2013.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**