IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY LEE THOMAS, Administratrix of
The Estate of Shenika Shunta Thomas,
Deceased                                                                                          PLAINTIFF

V.                                                                          CAUSE NO.: 4:10CV123-SA-JMV

DR. ASHRAF M. NOFAL; DR. MARILYN McLEOD;
DR. HILTON ONEAL; NEADREE EDWARDS, CFNP;
and DELTA REGIONAL MEDICAL CENTER                                       DEFENDANTS

ORDER ON MOTIONS

This Court entered judgment in this case on March 7, 2013, finding that "[b]ecause Plaintiff has a pending state court claim for wrongful death, her claims in this Court are dismissed." Plaintiff now seeks to reinstate this action because the state court case had been voluntarily dismissed over two years prior to the Court's determination.

*Factual and Procedural Background*

Plaintiff filed an action in the Washington County Circuit Court against Dr. Ashraf Nofal on October 21, 2009. After the Circuit Court held Plaintiff's request to add an additional three defendants in abeyance, in an effort to file her claim within the statute of limitations, Plaintiff filed a second state court action against Dr. Nofal and those same three defendants. The second state court action was then removed to the federal court on October 4, 2010. Shortly thereafter, Defendants filed a Motion to Dismiss [10] on the basis that Plaintiff's pending wrongful death suit in state court required dismissal of the federal action pursuant to Mississippi Code Section 11-7-13. Plaintiff responded to the Motion to Dismiss on November 22, 2010. Defendant then replied on April 21, 2011. In the meantime, Plaintiff voluntarily dismissed the initial state court

action on December 16, 2010. Neither party sought to supplement the record or inform the Court of this important point while the motion to dismiss was pending.

After the Court dismissed Plaintiff's action, she now asserts that the Court must correct its manifest error of fact and reopen the case since the state court action was not pending when the Court entered its final judgment.

*Reconsideration Standard and Analysis*

A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

Because Plaintiff could have, and should have, informed the Court of the dismissal of the state court wrongful death action, reconsideration of the dismissal of this cause of action is inappropriate. The state court action was voluntarily dismissed on December 16, 2010. This Court dismissed the action on March 7, 2013. The Plaintiff, therefore, had two years to alert the Court to the fact that she dismissed the state court action, especially in light of the fact that the Defendant's motion was premised on the pending and ongoing nature of the state court action. Accordingly, Plaintiff's request for reconsideration of the dismissal of this action is DENIED.

*Attorneys' Fees*

Defendant Ashraf M. Nofal, M.D., has filed a Motion for Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988. Dr. Nofal insists that

he has incurred $41,268.86 in attorneys' fees and costs since this action was removed to federal court.

Under § 1988, a party that wants to recover attorney's fees incurred in a prior proceeding must have prevailed in that proceeding. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce [§ 1983] a court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."); Castellano v. Fragozo, 311 F.3d 689, 711 (5th Cir. 2002), reh'g granted, 321 F.3d 1202 (5th Cir. 2003). To be a prevailing party under § 1988, a plaintiff must obtain actual relief, such as an enforceable judgment. Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); Hole v. Tex. A&M Univ., 360 F. App'x 571 (5th Cir. 2010). Although the Fifth Circuit has admitted that the term "prevailing party" is "far from self-defining," it has outlined the "definable core limits" on the definition of "prevailing party" as "obtain[ing] a court order in his favor that directly relates to the merits," along with a showing of "some causal connection between the suit and the events that moot his claim . . . ." Smith v. Thomas, 687 F.2d 113, 116 (5th Cir. 1982) (quoting Davis v. City of Ennis, 520 F. Supp. 262, 265-66 (N.D. Tex. 1981)).

As noted above, the Court's Order dismissing the case was premised on the Mississippi statute which allows only one wrongful death action to be brought. See MISS. CODE ANN. § 11-7-13. Indeed, the Mississippi Supreme Court has held that the first court to properly take jurisdiction of a wrongful death action shall, so long as that action is pending, have exclusive jurisdiction and any other subsequent filed action for the same death shall be of no effect. Long v. McKinney, 897 So. 2d 160 (Miss. 2004). Accordingly, the Court dismissed Plaintiff's action because this Court lacked jurisdiction over the matter. Because the Court failed to reach the

3

merits of the case, the Court will not recognize Defendant Nofal as a "prevailing party." See Smith, 687 F.2d at 116. Thus, attorneys' fees pursuant to 42 U.S.C. § 1988 are not proper.

Further, the Court finds attorneys' fees under Federal Rule of Civil Procedure 54(d) improper as well. The Court determines that, in its discretion, Defendant Nofal is not entitled to attorneys' fees. Although the Court recognizes that it was Plaintiff's burden to supplement the record as to the dismissal of the initial state court proceeding, Defendant Nofal's knowledge of the same and failure to notify the Court of the dismissal is troubling. Accordingly, the Court exercises its discretion to deny award attorneys' fees in this matter.

*Conclusion*

The Court DENIES Plaintiff's Motion to Alter or Amend the Judgment [72] and Defendant Nofal's Motion for Attorneys' Fees [71].

SO ORDERED, this the 5th day of November, 2013.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**