IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY LEE THOMAS, Administratrix of
The Estate of Shenika Shunta Thomas,
Deceased                                                                                            PLAINTIFF

V.                                                                       CAUSE NO.: 4:10CV123-SA-JMV

DR. ASHRAF M. NOFAL; DR. MARILYN McLEOD;
DR. HILTON ONEAL; NEADREE EDWARDS, CFNP;
and DELTA REGIONAL MEDICAL CENTER                                       DEFENDANTS

ORDER ON RECONSIDERATION

Plaintiff seeks a second reconsideration of this Court's Order and Memorandum Opinion dismissing her action on March 7, 2013. Plaintiff contends that because the dismissal of her cause of action was for lack of subject matter jurisdiction, the dismissal should be without prejudice. Defendants argue that Plaintiff's late filing of her second Motion for Reconsideration is untimely and should be denied.

*Factual and Procedural Background*

In its original Memorandum Opinion, the Court held that "[b]ecause Plaintiff has a prior filed state court action pending regarding the alleged wrongful death of Shenika Thomas, this action is DISMISSED with prejudice." Plaintiff contends that because the Court dismissed the action based on a lack of jurisdiction, the dismissal should have been without prejudice.

*Reconsideration Standard and Analysis*

A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Simon v. United States, 891 F.2d 1154, 1159 (5th

Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

While Federal Rule of Civil Procedure 59(e) does require a motion to alter or amend a judgment be filed within twenty-eight days of entry of the judgment, Rule 60 is more permissive where the court has made a mistake in its final judgment. Indeed, Rule 60 only requires that the motion be filed "no more than a year after the entry of the judgment . . . ." The Court construes Plaintiff's request for reconsideration under Rule 60. Plaintiff has clearly satisfied the timeliness requirement pursuant to Federal Rule of Civil Procedure 60.

The Court erroneously dismissed Plaintiff's wrongful death claim with prejudice. See Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (where district court dismissed plaintiff's case for a jurisdictional issue and did not reach the merits of the case, entry of judgment of dismissal with prejudice was error).

*Conclusion*

The Court GRANTS Plaintiff's Motion to Alter or Amend the Judgment [81] and AMENDS the Judgment to be WITHOUT PREJUDICE.

SO ORDERED, this the 8th day of April, 2014.

        /s/ Sharion Aycock        
        **U.S. DISTRICT JUDGE**